IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARCUS DEWAYNE DAVIS, # K4440**                                     **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 2:10cv271-KS-MTP**

**LAWRENCE KELLY,** *et al.*                                         **DEFENDANTS**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on the Plaintiff's Motions for a Temporary Restraining Order and/or a Preliminary Injunction [22][38]. Having considered the submissions of the parties, the arguments made during the omnibus hearing, and the applicable law, the undersigned recommends that the Motions [22][38] be DENIED.

FACTUAL BACKGROUND

Plaintiff Marcus Dewayne Davis, proceeding *pro se* and *in forma pauperis,* filed his complaint pursuant to 42 U.S.C. § 1983 on or about November 22, 2010. In his voluminous complaint and amended complaints, and as clarified by his testimony at the *Spears*[1] hearing, Plaintiff alleges claims for excessive force and retaliation against Defendants Mark McClain, David Clark, Adrian Keys, and Lisa Heandon; a failure to protect claim against Defendants Patsy Moore, Theresa Seabrook, Regina Hancock, Penny Bufkin, and Lisa Heandon; a claim for the denial of adequate medical care against Defendants Lawrence Kelly, Emmitt Sparkman, Ron King, and Timothy Morris; a retaliation claim against Ron King; and due process violation claims against Defendants Ronda Johnson, Docrus McLeod, and Diane Massey. *See* Omnibus Order [69]. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI") and the Mississippi State Penitentiary in

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Parchman, Mississippi. Plaintiff is currently incarcerated at the East Mississippi Correctional Facility ("EMCF").

In his first Motion for a Temporary Restraining Order [22], Plaintiff claims he is being retaliated against for filing complaints against the staff at SMCI. He seeks a thorough investigation into the disciplinary system at SMCI and claims the retaliation will continue as long as he is housed at SMCI.

In his second Motion for a Temporary Restraining Order [38], Plaintiff again complains about the constitutionality of the disciplinary procedures at SMCI. He also asks to be transferred to a mental facility and that his Rule Violation Reports ("RVRs") be expunged.

Defendants claim Plaintiff is not entitled to injunctive relief because he has failed to demonstrate the four elements discussed below.

## ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff's request to be transferred to a mental facility is moot. Plaintiff testified at the omnibus hearing that he is receiving mental health treatment at his current facility, EMCF.

Plaintiff has failed to demonstrate that the remaining claims in his Motions [22][38] require urgent attention and that the failure to grant the injunction will result in irreparable injury.[2]  Plaintiff claims he was being retaliated against at SMCI and that the retaliation will continue as long as he's housed at SMCI.  Plaintiff is no longer housed at SMCI.  Likewise, there is no urgent need to "investigate" the disciplinary procedures at SMCI; Plaintiff is no longer housed there.  Finally, Plaintiff will not suffer irreparable injury if his RVRs are not expunged immediately.  These claims can be addressed in due course with the merits of Plaintiff's other claims by motion and/or at trial.

Based on the foregoing, Plaintiff is not entitled to the extraordinary remedy of injunctive relief.

## RECOMMENDATION

As Plaintiff has failed to demonstrate the elements necessary to receive the requested injunctive relief, it is the recommendation of the undersigned that Plaintiff's Motions for a Temporary Restraining Order and/or a Preliminary Injunction [22][38] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed

---

[2]The court makes no finding as to the ultimate merit of Plaintiff's claims.

findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED this the 27th day of October, 2011.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge