IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARCUS DEWAYNE DAVIS                                                                PLAINTIFF

v.                                                         CIVIL ACTION NO.: 2:10cv271-KS-MTP

LAWRENCE KELLY, ET AL.                                                            DEFENDANTS

MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Summary Judgment [91] filed by Defendants Lawrence Kelly, Emmitt Sparkman, Ronald King, Timothy Morris, Ronda Johnson, Dorcus McLeod, and Diane Massey, and *sua sponte* for case management purposes. Having considered the submissions of the parties, the applicable law, the Plaintiff's medical records, and the Plaintiff's Objection to the Report and Recommendation [100], the Court **adopts** the Report and Recommendation [97], finding that the Defendants' Motion [91] is **granted**.

**Standard of Review**

This Court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, the Court must "draw inferences most favorable to the party opposing the motion and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712. There must, however, be adequate proof in the record showing a real controversy regarding material

facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

**Review of Report and Recommendation**

On July 18, 2012, United States Magistrate Judge Michael T. Parker entered a Report and Recommendation on the matter [97]. The Magistrate Judge noted that the Plaintiff's claims are brought before the Court pursuant to 42 U.S.C. § 1983 which "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of a state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Instead, the Section "affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id* (quoting 42 U.S.C. § 1983).

*Eighth Amendment: Deliberately Indifferent Claims*

First, the Magistrate Judge found that Defendants Kelly, Sparkman, Morris, and King were not deliberately indifferent to the Plaintiff's medical need and did not violate the Eighth Amendment. The Plaintiff alleges that said Defendants denied him mental health care after he was transferred from the Mississippi State Penitentiary (MSP) to the South Mississippi

Correctional Institution (SCMI). During the omnibus hearing, the Plaintiff testified that while at MSP, he was enrolled in a mental health step-down program that he said was created pursuant to court order to provide mental health care to inmates housed in Unit 32. The Plaintiff further claims that Defendant Kelly transferred him from MSP to SMCI to prevent him from receiving mental health treatment and that Superintendent Sparkman was aware of his mental health care needs and allowed him to be transferred to SMCI. The Plaintiff alleges that he sued Warden Morris because Morris denied the Plaintiff relief when he filed an Administrative Remedy Program (ARP) grievance regarding his removal from the step-down program. The Plaintiff claims to have sued Superintendent King because the Plaintiff was allegedly denied adequate mental health care at SMCI. The Plaintiff more specifically claims that SMCI has no treatment plan for mentally ill inmates and that inmates are confined behind solid doors for twenty-three hours a day in Unit 8. *See* response in opposition [96] to Defendants' Motion [91]; *see also* [96-2] at 10-21.

A prison official may only be held liable for deliberate indifference "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Unsuccessful medical treatment, negligent treatment, and medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with medical treatment, absent exceptional circumstances. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). To show deliberate indifference, the prisoner must show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince

3

a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *See Banuelos*, *supra*, at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)).

According to the Defendants' affidavits[1], providing health care is the responsibility of onsite health care providers, and these Defendants did not play a personal role in providing inmates with medical or mental health care. *See* Exs. A-D to Motion [91-1], [91-2], [91-3], [91-4]. Further, the Defendants testify that they did not have the authority to provide or deny any medical or mental health care to which the Plaintiff felt entitled. *Id*.

Most importantly, the Plaintiff's institutional and medical records indicate that he received adequate health care at SMCI. *See* Ex. F [94] to Motion [91]. The record shows that the Plaintiff saw a psychiatrist regularly and received mental health counseling regularly at his own request[2]. *Id*. More specifically, the record shows that the Plaintiff saw Dr. Parveen Kumar, a psychiatrist, approximately every ninety days after his arrival at SMCI (August 2009 through March 2011). *Id*. In March 2011, the Plaintiff began seeing Dr. Kumar approximately once a month, and in May 2011, the Plaintiff started seeing Dr. Kumar once every few weeks. *Id*. The Plaintiff saw other mental health care professionals regularly in addition to his regular appointments with Dr. Kumar. *Id*. Mental health care professionals noted several times that the Plaintiff may be a "malingerer," using his sick calls for attention. *Id*. at 109, 134, 170. The Plaintiff also attempted and threatened to commit suicide several times between May 2011 and his transfer to East Mississippi Correctional Facility (EMCF) at the end of July 2011. *Id*. The

---

[1] Defendant Massey's affidavit contains a typographical error that Massey is not a Defendant in this matter, when she clearly is. *See* Attachment re Motion for Summary Judgment [101].
[2] The Court notes that the Plaintiff alleges that he did not receive his medication on numerous occasions, but the record reflects that on several occasions the Plaintiff was flushing his medication down the toilet. *See* Ex. F [94] to Motion [91].

Plaintiff also stabbed an officer and attempted to stab the superintendent while at SMCI which caused some mental health care appointments to be cancelled and/or rescheduled for security reasons. *Id*. at 118-19, 134, 170. The Court finds that Defendants Kelly, Sparkman, Morris, and King were not deliberately indifferent to the Plaintiff's medical needs and did not violate the Eighth Amendment. The Court further finds that the Plaintiff's request for injunctive relief in relation to this claim is moot because the Plaintiff is now housed at EMCF, a designated mental health care facility, and the Plaintiff testifies that he receives mental health care at EMCF.

*Retaliation claims*

Second, the Magistrate Judge found that Defendant King did not retaliate against the Plaintiff. The Plaintiff alleges that King failed to grant him relief through the ARP and denied him medical care in retaliation for filing grievances and complaints. *See* Omnibus Order [69] at 3. The Plaintiff specifically testified that "everything" King did while he was incarcerated at SMCI "was based on retaliation." *Id*.

To prevail on a retaliation claim, the Plaintiff must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his . . . exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (holding that the plaintiff "must allege more than his personal belief that he is the victim of retaliation."). At the very least, a plaintiff must present either direct evidence of retaliatory motivation or "a chronology of events from which retaliatory motivation may be plausibly inferred" since mere conclusory allegations are insufficient. *Woods,* 60 F.3d at 1166. Further, there is no constitutional right to a grievance procedure and no liberty interest right to having his grievance resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d. 371, 374-75 (5th Cir. 2005); *Jones v.*

*Shabazz*, No. H-06-1119, 2007 WL 2873042 at 21 (E.D. Tex. Sept. 28, 2007); *McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154 at 1-2 (S.D. Miss. March 6, 2007); *Hernandez v. Estelle*, 488 F.2d 1154, 1158 (5th Cir. 1986) (holding that actual failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation).

Defendant King's affidavit belies these allegations. King testifies that he does not have authority to order or deny medical or mental health care for inmates, nor does he have any personal involvement in providing inmates with medical or mental health care. *See* Ex. C to Motion [91-3]. Moreover, the Court has found *supra* that the Plaintiff received adequate health care while at SMCI. *See* Ex. E to Motion [91-5]; Ex. F [94] to Motion [91]. The Plaintiff's allegations are conclusory and do not meet the standard set forth in *McDonald*. The Court finds that the Plaintiff's claims of retaliation are without merit.

*Due Process Claims*

Third, the Magistrate Judge found that Defendants Massey, McLeod, and Johnson did not violate the Plaintiff's due process rights. The Plaintiff alleges that said Defendants violated his due process rights in relation to five Rule Violation Reports[3] (RVRs) and their respective disciplinary hearings. *See* Ex. C [96-3] at 27-36. The Plaintiff claims that his due process rights in relation to these RVRs were violated by the Defendants by: denying him due process in failing to give him notice of the charges, failing to conduct an investigation, and not allowing him to present witnesses or evidence on his behalf. The Plaintiff was found guilty of all five RVRs, so he lost privileges from approximately June 2011 to June 1012 and was placed in disciplinary segregation for twenty days. *Id*.

---

[3] The relevant RVRs include Nos. 1141070, 1141071, 1141072, 1141073, 1141094. *See* Ex. C [96-3] at 27-36; Ex. G to Motion [91-7].

Due process liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). "[A]dministrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Hurns v. Parker*, 165 F.3d 24, 1998 WL 870696 at 1 (5th Cir. Dec. 2, 1998). The Plaintiff has no protected liberty interest in his security classification and has no right to facility privileges. *See Wilkerson v. Stadler*, 328 F.3d 431, 435-36 (5th Cir. 2003) (stating that the Fifth Circuit "has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification"); *Wilson v. Bundy*, 976 F.2d 957, 958 (5th Cir. 1992) (citing *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1998)) ("A prison inmate does not have a protectable liberty or property interest in his custodial classification."); *Nathan v. Hancock*, No. 11-60811, 2012 WL 1758573 at 1 (5th Cir. May 17, 2012) (citations omitted) ("Likewise, a prisoner's change in custody status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell restrictions does not implicate a liberty interest because those punishments do not represent 'the type of atypical significant deprivation in which a State might conceivably create a liberty interest.'"); *see also Williams v. Geo Group, Inc.*, No. 4:08cv67-HTW-LRA, 2008 WL 2724889 at 1 (S.D. Miss. July 10, 2008) ("The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an 'atypical and significant hardship' of prison life.").

The Plaintiff does not allege a restraint that imposed an "atypical and significant hardship" in relation to ordinary prison life. The record shows that the Plaintiff was placed in disciplinary segregation for twenty days, and he was denied certain privileges for approximately

7

one year. Therefore, the Plaintiff's allegations regarding administrative segregation and the denial of privileges as a result of the RVRs do not amount to a constitutional violation. Moreover, according to the RVRs themselves and the affidavit of Defendant Massey, the Plaintiff was given notice of each RVR and disciplinary hearing and was given an opportunity to appear and participate in the hearing. *See* Ex. C [96-3] at 27-36; Ex. H to Motion [92-8]. The Plaintiff refused to sign all five of the RVRs or acknowledge receipt and notice of the hearings, and he refused to appear and defend himself at the hearings. *Id*. The Plaintiff also refused to make any statements or sign any documents concerning the disciplinary hearings. *Id*. The Court finds that Defendants Massey, McLeod, and Johnson did not violate the Plaintiff's due process rights. The Court also finds that the Plaintiff's claims for injunctive relief as per the RVRs is moot since Commissioner Epps ordered that the RVRs be dismissed and removed from the Plaintiff's records, and where possible, that any disciplinary action be reversed. *See* Ex. C [96-3] at 2-3.

*Qualified Immunity Defense*

The Defendants have raised the defense of qualified immunity, though they are entitled to dismissal for the Plaintiff's failure to state or establish a claim. "[I]f it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Since the claims discussed *supra* are not cognizable as constitutional claims, the issue of qualified immunity is moot.

**IT IS THEREFORE ORDERED** the Report and Recommendation [97] of Magistrate Judge Michael T. Parker entered on July 18, 2012, be, and hereby is, adopted in whole pursuant

to 28 U.S.C. § 636(b)(1) as the finding of this Court. Accordingly, for the reasons set forth in this opinion and the Magistrate Judge's Report and Recommendation, it is

**ORDERED** that the Defendants' Motion for Summary Judgment [91] be, and hereby is, **GRANTED;** and the following Defendants be, and hereby are, **DISMISSED WITH PREJUDICE**: Lawrence Kelly, Emmitt Sparkman, Ronald King, Timothy Morris, Ronda Johnson, Dorcus McLeod, and Dianne Massey.

**IT IS FURTHER ORDERED** that the Defendant Patsy Moore be, and hereby is, **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) for the Plaintiff's failure to serve process.

**SO ORDERED AND ADJUDGED** on this, the 15th day of August, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE