IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARCUS DEWAYNE DAVIS**                                                    **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 2:10cv271-KS-MTP**

**LAWRENCE KELLY, et al.**                                             **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff Marcus Dewayne Davis's Motion for Defendant Mark McLain to Appear at Trial [118]. For the reasons stated below, the Court finds that Plaintiff's motion should be denied and that Plaintiff's claims against Defendant Mark McLain should be dismissed with prejudice.

**BACKGROUND**

Plaintiff is presently incarcerated at the East Mississippi Correctional Facility for armed robbery and aggravated assault.[1] On November 22, 2010, while Plaintiff was incarcerated at the South Mississippi Correctional Institution ("SMCI"), he initiated this action against several Defendants pursuant to Title 42 U.S.C. § 1983. (*See* Complaint [1].) On April 11, 2011, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (*See* Order Setting Payment Schedule [23].) Several of Plaintiff's claims against several Defendants have been dismissed through the course of this proceeding. Plaintiff's remaining claims center upon an incident occurring at SMCI on April 14, 2010, in which certain correctional officers are alleged to have used

---

[1] *See* Inmate search result, http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=K4440.

excessive force against the Plaintiff.  Defendant Mark McLain (sometimes referred to as Mark "McClain" in court filings) is alleged to be one of the correctional officers involved in the subject incident.  The docket reflects that Defendant McLain was personally served with process on November 22, 2011; however, he has not filed a response to the Complaint or otherwise entered an appearance in this cause.

Plaintiff's Motion for Defendant Mark McLain to Appear at Trial [118] was filed on January 14, 2013.[2]  Plaintiff requests that Defendant McLain "be summoned to attend" the trial or, if Defendant McLain does not appear at trial, for the Court to rule in Plaintiff's favor.  Plaintiff attached to his motion "[l]etters mailed to Plaintiff by the Defendant Mark McLain."  (Motion [118] at ¶ 5.)  One of the letters appears to be signed by Defendant McLain and is titled "Response to Marcus Dewayne Davis #K4440".  (*See* Doc. No. [118-1] at p. 1.)  The "Response" provides, *inter alia*, that Plaintiff's account of the subject incident is false; that the Plaintiff was taken to the ground with the minimal amount of force necessary after the Plaintiff stabbed another correctional officer; and that the Plaintiff was held down in order to prevent any further harm and so that the Plaintiff could be examined by medical staff.  The second document attached to Plaintiff's Motion [118] is a copy of a discharge order pertaining to Mark McLain and a co-debtor entered on April 4, 2012, in Case Number 11-52853 by the United States Bankruptcy Court for the Southern District of Mississippi.  (*See* Doc. No. [118-1] at p. 2.)

## DISCUSSION

---

[2] The trial of this cause is set to commence on February 5, 2013.

Because Plaintiff is proceeding IFP under § 1915, the Court may dismiss his complaint "at any time" upon the determination that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court's review of Defendant McLain's bankruptcy filings in Case No. 11-52853,[3] leads to the conclusion that Plaintiff's claims against him have been discharged and that the claims are no longer legally cognizable in this cause.

On December 13, 2011, Defendant McLain filed for bankruptcy under Chapter 7 of the Bankruptcy Code. (*See* Voluntary Petition [1] in Case No. 11-52853.) On this same date, Defendant McLain filed his bankruptcy schedules, which listed the Plaintiff as an unsecured creditor and which listed this lawsuit as a proceeding pending against Defendant McLain. (*See* Schedules [3 at ECF pp. 17, 27] in Case No. 11-52853.) On April 4, 2012, Defendant McLain was granted a discharge under 11 U.S.C. § 727. (*See* Discharge of Debtor [20] in Case No. 11-52853.) The Plaintiff received a copy of the discharge order either from the Bankruptcy Court or Defendant McLain. (*See* Doc. No. [118-1] at p. 2.) At no time did the Plaintiff appear in Defendant McLain's bankruptcy proceeding and file a proof of claim or request a determination of dischargeability as to his claim for damages.

A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of

---

[3] "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

such debt is waived[.]" 11 U.S.C. § 524(a)(2).[4] The term "debt" is defined under the Bankruptcy Code as "liability on a claim." 11 U.S.C. § 101(12). The term "claim" means, *inter alia*, "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A). Plaintiff's unliquidated claim for damages against Defendant McLain under § 1983 falls within the broad scope of "debt" subject to discharge under the Bankruptcy Code. *Cf. Moor v. Madison County Sheriff's Dep't*, 30 Fed. Appx. 417, 419, 420 (6th Cir. 2002) (finding claims brought under 42 U.S.C. §§ 1983, 1985 and 1986 barred by operation of a defendant's bankruptcy discharge).

Of the exceptions to discharge listed under the Bankruptcy Code, the Court finds only the exception "for willful and malicious injury by the debtor to another" potentially applicable. 11 U.S.C. § 523(a)(6). However, the Plaintiff never filed a claim or requested a determination as to the applicability of this exception in Defendant McLain's bankruptcy proceeding. Thus, Plaintiff's claim against Defendant McLain has been discharged notwithstanding § 523(a)(6). *See United States v. Ellsworth (In re Ellsworth)*, 158 B.R. 856, 858 (M.D. Fla. 1993) ("Pursuant to 523(c)(1), in order for debts to be excepted under Sections 523(a)(2), (4), and (6), a creditor must file a complaint seeking determination of nondischargeability in the Bankruptcy Court. Failure to do so automatically discharges the debt.").

---

[4] *See also United States v. Coney*, 689 F.3d 365, 371 (5th Cir. 2012) ("When a Chapter 7 debtor obtains bankruptcy relief, the general rule is that all debts arising prior to the filing of the bankruptcy petition will be discharged.") (citation omitted).

**CONCLUSION**

Plaintiff's complaint against Defendant McLain fails to state a claim upon which relief may be granted given the discharge order entered in Bankruptcy Case Number 11-52853.  *See Rederford v. U.S. Airways, Inc.*, 589 F.3d 30, 32, 37 (1st Cir. 2009) (affirming Rule 12(b)(6) dismissal of employment discrimination claim discharged in bankruptcy); *Gable v. Borges Constr., Inc.*, 792 F. Supp. 2d 117, 122-24 (D. Mass. 2011) (granting Rule 12(b)(6) motion to dismiss as to all claims that were discharged in a defendant's bankruptcy proceeding).

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Mark McLain is dismissed with prejudice from this case and that Plaintiff's Motion for Defendant Mark McLain to Appear at Trial [118] is denied as moot.

SO ORDERED AND ADJUDGED this the 29th day of January, 2013

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE